IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **Commodity Futures Trading Commission,**<br>　　　　Plaintiff,<br>vs.<br>**Mark S. Trimble, and**<br>**Phidippides Capital Management LLC,**<br>　　　　Defendants, and<br>**Phidippides Capital LP,**<br>　　　　Relief Defendant. | Civil Action No: 09 CV 00154-D<br>Judge Timothy D. DeGiusti |

**CONSENT PRELIMINARY INJUNCTION**

On February 9, 2009, Plaintiff Commodity Futures Trading Commission ("Commission" or "CFTC") filed a Complaint against the Defendants, Mark S. Trimble and Phidippides Capital Management LLC ("PCM"), and Relief Defendant Phidippides Capital LP ("PC LP"), seeking injunctive and other equitable relief for violations of the Commodity Exchange Act, as amended ("Act"), 7 U.S.C. §§ 1 *et seq.* (2002), as amended by the Food, Conservation, and Energy Act of 2008, Pub. L. No. 110-246, Title XIII (the "CFTC Reauthorization Act of 2008" ("CRA")), §§ 13101-13204, 122 Stat. 1651 (effective June 18, 2008), and the Commission Regulations promulgated thereunder, 17

C.F.R. §§ 1 *et. seq.* (2008). On February 10, 2009, the Court entered a Consent Statutory Restraining Order against the defendants and relief defendant. On March 5, 2009, the Commission filed Plaintiff's Motion for Entry of Consent Preliminary Injunction [Doc. No. 10]. As more fully set forth herein the Commission's motion is granted.

Trimble and PCM, without admitting the allegations of the Complaint, but for the purposes of this Consent Order of Preliminary Injunction and Other Ancillary Relief ("Order"), except as to jurisdiction and venue, which they admit, consent to the entry of this Order and state that the consent Order is entered voluntarily and that no promise or threat has been made by the Commission or any member, officer, agent or representative thereof, to induce them to consent to this Order.

## I.  FINDINGS

**THE COURT FINDS:**

1.   The Court has jurisdiction over the subject matter.

2.   Section 6c of the Act, 7 U.S.C. § 13a-1, authorizes this Court to enter a Preliminary Injunction.

3.   It appears that there is good cause to believe that Defendants Trimble and PCM have engaged, are engaging in and are about to engage in violations of the anti-fraud sections of the Act, 7 U.S.C. §§ 4b and 4*o*(1) of the Act, 7 U.S.C. §§ 6b and 6*o*(1) (2008), and Regulation 4.20(c), 17 C.F.R § 4.20(c) (2008). There is good cause to believe further that pool participants and prospective pool participants may have been cheated and defrauded and that immediate and irreparable damage to the Court's ability to grant effective final relief for pool participants in the form of monetary redress will

occur from the dissipation of pool participants' assets and destruction of records unless the Defendants are immediately restrained and enjoined by Order of this Court and, accordingly, there is good cause to issue this Order.

    4.     It further appears to the satisfaction of the Court that this is a proper case for granting this preliminary injunction to preserve the status quo and to protect public pool participants and prospective pool participants from further deceit, loss or damage.

    5.     "Defendants" means Trimble and PCM and any person insofar as he or she is acting in the capacity of an officer, agent, servant, employee or attorney of Defendants, and any person who receives actual notice of this Order by personal service or otherwise, including Federal Express and facsimile, insofar as he or she is acting in concert or participation with Defendants.

## II.  INJUNCTIVE RELIEF GRANTED

**IT IS THEREFORE ORDERED THAT:**

    1.     Defendants are restrained, enjoined and prohibited, until further order of the Court, from directly or indirectly:

    A.  Cheating, defrauding or deceiving or attempting to cheat, defraud or deceive other persons in or in connection with any order to make, or the making of any contract of sale of any commodity for future delivery, made, or to be made, for or on behalf of any other person, in violation of Section 4b(a)(2)(A) and (C) of the Act; 7 U.S.C. § 6b(a)(2)(A) and (C);

    B.  Making or causing to be made to any other person any false report or statement thereof or causing to be entered for any person any false record thereof, in violation of Section 4b(a)(2)(B) of the Act, 7 U.S.C. § 6b(a)(2)(B);

    C.  Employing any device, scheme, or artifice to defraud any participant or prospective participant, or engaging in any transaction, practice, or course of

business which operates as a fraud or deceit upon any participant or prospective participant, by use of the mails or any means or instrumentality of interstate commerce, in violation of Section 4o(1)(A) and (B) of the Act, 7 U.S.C. §§ 6o(1)(A) and (B); and

D. Commingling the property of any pool that they operate or intend to operate with the property of any other person, in violation of Regulation 4.20(c), 17 C.F.R. §4.20(c).

2. Defendants are further restrained, enjoined and prohibited, until further order of the Court, from directly or indirectly:

E. Engaging in, controlling or directing the trading for any commodity futures or options accounts for or on behalf of any other person or entity, whether by power of attorney or otherwise;

F. Entering into any commodity futures or options transactions for their own accounts, for any accounts in which they have a direct or indirect interest, and/or having any commodity futures or options traded on their behalf; and

G. Applying for registration or claiming exemption from registration with the Commission in any capacity, and engaging in any activity requiring such registration or exemption from registration, except as provided for in Section 4.14(a)(9) of the Commission's Regulations, 17 C.F.R. § 4.14(a)(9), or acting, directly or indirectly, as a principal, agent, or any other officer, agent or employee of any person registered, required to be registered, or exempted from registration with the Commission, unless such exemption is pursuant to Section 4.14(a)(9) of the Commission's Regulations, 17 C.F.R. §4.14(a)(9).

3. Defendants and Relief Defendant are further restrained, enjoined and prohibited, until further order of the Court, from directly or indirectly:

A. Dissipating, withdrawing, transferring, removing, concealing or disposing of cash, cashiers checks, funds, assets or other property of, or within the custody, control or possession of, Defendants, including, but not limited to, all funds, personal property, money or securities held in safes, safety deposit boxes and all funds on deposit in any financial institution, bank or savings and loan account, including funds or property of investors, wherever located, whether held in the name of any Defendant or otherwise, and the assets affected by this paragraph shall include both existing assets and income and assets acquired after the effective date of this Order;

    B.    Destroying, mutilating, concealing, altering or disposing of, in any manner, any of the books and records, documents, correspondence, brochures, manuals, electronically stored data, tape records or other property of defendants, wherever located, including all such records concerning defendants' business operations; and

    C.    Denying Commission representatives access to Defendants' books and records.

4.    Until further order of this Court, Defendants and each firm, corporation, partnership, association or other person or entity which holds or is a depository of their funds, securities, assets or other property of any kind, are prohibited from directly or indirectly transferring, withdrawing, removing or disposing of any such funds, securities, assets or other property.

5.    The injunctive provisions of this Order shall be binding on Defendants, upon any person insofar as he or she is acting in the capacity of officer, agent, servant, employee or attorney of Defendants, and upon any person who receives actual notice of this Order by personal service, facsimile or otherwise insofar as he or she is acting in active concert or participation with Defendants.

6.    Defendant Trimble shall prepare, sign and file under seal with the Court, within 30 days, a complete and accurate accounting for the period of January 1, 2005, to the date of such accounting, which shall be no earlier than the date of this Order. Such accounting shall be served upon the Commission as set forth in Section VIII of this Order. Such accounting shall include, without limitation, the identification of:

    A.    The names and last known addresses, phone numbers, and e-mail addresses of all pool participants and other investors;

    B.    All funds, securities, commodity interests, assets and other property currently owned or controlled (legally, equitably or otherwise) directly or indirectly by Defendants; and

    C.    All funds, securities, commodity interests, assets and other property received directly or indirectly by Defendants, whether individually or jointly, describing the source, amount, disposition, and current location of each listed item;

    D.    All funds, securities, commodity interests, assets and other property transferred or otherwise disposed of directly or indirectly by Defendants describing the source, amount, disposition, and current location of each listed item, including accounts or assets of Defendants held by financial institutions located outside the territorial United States; and

    E.    The name and last known address of each bailee, debtor or other person or entity currently holding any funds, securities, commodity interests, assets or other property owned or controlled (legally, equitably or otherwise) by Defendants, either individually or jointly.

7. It is further ordered that representatives of the plaintiff Commission upon reasonable notice, be allowed to inspect the books, records and other electronically stored data, tape recordings, and other documents of Defendants and Relief Defendant and their agents, including all such records of their business operations, wherever they are situated and whether they are in the hands of Defendants, Relief Defendant or others and to copy said documents, data, and records either on or off the premises where they may be situated.

8. It is further ordered that Defendants and Relief Defendant shall immediately take all steps within their power to repatriate all funds, assets and property held by, under the control of, or in the name of the Defendants or Relief Defendant, whether jointly or otherwise, outside the United States, including but not limited to all funds on deposit in

any banks, brokerage houses or other financial institution, by paying them to the Clerk of Court or as otherwise ordered by the Court, for further disposition in this case.

### III.  BOND NOT REQUIRED OF PLAINTIFF

**IT IS FURTHER ORDERED** that:

Pursuant to Section 6c(b) of the Act, 7 U.S.C. § 13a-1, no bond need be posted by the Plaintiff CFTC, which is an agency of the United States of America.

### IV.  STAY

**IT IS FURTHER ORDERED** that except by leave of the Court the Defendants, Relief Defendant and all other persons and entities be and hereby are stayed from taking any action to establish or enforce any claim, right or interest for, against, on behalf of, or in the name of the Defendants or Relief Defendant, including but not limited to, the following actions:

A. Commencing, prosecuting, litigating or enforcing any suit, except that actions may be filed to toll any applicable statute of limitations;

B. Accelerating the due date of any obligation or claimed obligation, enforcing any lien upon, or taking or attempting to take possession of, or retaining possession of, property of the Defendants or Relief Defendant or any property claimed by the Defendants or Relief Defendant, or attempting to foreclose, forfeit, alter or terminate any of the Defendants' or Relief Defendant's interests in property, whether such acts are part of a judicial proceeding or otherwise;

C. Using self-help or executing or issuing, or causing the execution or issuance of any court attachment, subpoena, replevin, execution or other process for the purpose of impounding or taking possession of or interfering with, or creating or enforcing a lien upon any property, wherever located, owned by or in the possession of the Defendants or Relief Defendant; and

D. Doing any act or thing to interfere with the exclusive jurisdiction of this Court over the property and assets of the Defendants or Relief Defendant. This Paragraph does not stay the commencement or continuation of an action or proceeding by a governmental unit to enforce such governmental unit's police or regulatory power.

## V. DIRECTIVES TO FINANCIAL INSTITUTIONS AND OTHERS

**IT IS FURTHER ORDERED**, pending further Order of this Court, that any financial or brokerage institution, business entity, or person that holds, controls, or maintains custody of any account or asset owned, controlled, managed, or held by, on behalf of, or for the benefit of the Defendants or Relief Defendant, or has held, controlled, or maintained custody of any account or asset owned, controlled, managed, or held by, on behalf of, or for the benefit of the Defendants or Relief Defendants at any time since January 1, 2005, shall:

A. Provide counsel for the Commission, within five (5) business days of receiving a copy of this Order, a statement setting forth: (a) the identification number of each and every such account or asset titled in the name, individually or jointly, of the Defendants or Relief Defendant, or owned, controlled, managed, or held by, on behalf of, or for the benefit of the Defendants or Relief Defendant: (b) the balance of each such account, or a description of the nature and value of such asset as of the close of business on the day on which this Order is served, and, if the account or other asset has been closed or removed, the date closed or removed, the total funds removed in order to close the account, and the name of the person or entity to whom such account or other asset was remitted; and (c) the identification of any safe deposit box that is either titled in the name, individually or jointly, of the Defendants or Relief Defendant or is otherwise subject to access by the Defendants or Relief Defendant; and

B. Upon request by the Commission, promptly provide the Commission with copies of all records or other documentation pertaining to such account or asset, including, but not limited to, originals or copies of account applications, account statements, signature cards, checks, drafts, deposit tickets, transfers to and from the accounts, all other

debit and credit instruments or slips, currency transaction reports, 1099 forms, and safe deposit box logs.

## VI.  EXPEDITED DISCOVERY

**IT IS FURTHER ORDERED** that the parties may continue with expedited discovery.

## VII.  SERVICE OF ORDER

**IT IS FURTHER ORDERED** that copies of this Order may be served by any means, including facsimile transmission and Federal Express, upon any financial institution or other entity or person that may have possession, custody, or control of any documents or assets of the Defendants, or that may be subject to any provision of this Order.  Venice Bickham, Merle Hampton and Cynthia Cannon, all employees of the CFTC, are hereby specially appointed to serve process, including this Order and all other papers in this cause.

## VIII.  SERVICE ON THE COMMISSION

**IT IS FURTHER ORDERED** that the Defendants shall serve all pleadings, correspondence, notices required by this Order, and other materials on the Plaintiff Commission by delivering a copy to Rosemary Hollinger, Regional Counsel or Scott R. Williamson, Deputy Regional Counsel, Division of Enforcement, Commodity Futures Trading Commission, 525 W. Monroe, Suite 1100, Chicago, Illinois 60661.

## IX.  COURT MAINTAINS JURISDICTION

**IT IS FURTHER ORDERED** that this Preliminary Injunction shall remain in full force and effect during the pendency of this case, or until further Order of this Court, upon application, notice and an opportunity to be heard, and that this Court retains jurisdiction of this matter for all purposes.

## X.  STATUTORY RESTRAINING ORDER SUPERSEDED

**IT IS FURTHER ORDERED** that this Preliminary Injunction supersedes the Statutory Restraining Order entered by the Court on February 10, 2009.

**IT IS SO ORDERED** this 6th day of March, 2009.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE