THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

|  |  |  |
|---|---|---|
| COMMODITY FUTURES TRADING COMMISSION, | ) ) ) ) | |
| Plaintiff, | ) ) ) | |
| vs. | ) ) | NO. CIV-09-154-D |
| MARK S. TRIMBLE and PHIDIPPIDES CAPITAL MANAGEMENT LLC, | ) ) ) ) | |
| Defendants, | ) ) | |
| PHIDIPPIDES CAPITAL LP, | ) ) | |
| Relief Defendant. | ) | |

**O R D E R**

Before the Court is the First Interim Motion of Receiver for Compensation and Reimbursement of Expenses to Fellers Snider [Doc. No. 67], seeking Court approval to compensate the attorneys representing the Receiver for fees and expenses incurred through July 15, 2009. The deadline for filing objections to the Motion has expired, and no objection has been filed.

As the Receiver states in the Motion, the Order appointing the Receiver [Doc. No. 20] authorized him to employ attorneys and other professionals; it also directed the Receiver to submit an initial request for compensation for the attorneys and professionals employed no later than 90 days after the date of the April 21, 2009 Order Appointing Temporary Equity Receiver. In its Order of May 27, 2009 [Doc. No. 32], the Court approved the Receiver's request to employ the firm of Fellers, Snider, Blankenship, Bailey & Tippens ("Fellers Snider") as counsel.

The Receiver now seeks Court approval to pay Fellers Snider the sum of $26,166.00 as compensation for the attorney fees incurred through July 15 and the sum of $547.44 as

reimbursement for costs incurred during that period by Fellers Snider.

The reasonableness and amount of attorney fees rests within the sound discretion of the Court. *Combs v. Shelter Mut. Ins. Co.*, 551 F. 3d 991, 1001 (10th Cir. 2008). The reasonableness of the hourly rate charged and the time expended should be determined by the Court in arriving at a reasonable fee. *See Lippoldt v. Cole*, 468 F. 3d 1204, 1222 (10th Cir. 2006). In this case, the Court's Order expressly stated that compensable attorney fees and costs would be limited to those based on services "(1) reasonably likely to benefit the receivership estate or (2) necessary to the administration of the estate." April 21, 2009 Order [Doc. No. 20] at Article V, p. 9. Accordingly, the Court must conclude that the services on which the requested fees are based were beneficial to the estate or necessary to its administration.

The Motion is accompanied by a detailed statement describing all work performed for which compensation is sought; it includes the identity of the attorney performing that work, and the total number of hours expended on each entry. Motion, Exhibit 1. The statement reflects a total of 115.30 hours of work performed, and a total fee of $26,166 attributable to that work, based on the hourly rates of the individual attorneys involved. It also seeks reimbursement for specific costs associated with research and photocopying, in a total amount of $547.44. In addition to the statement submitted as Exhibit 1, the Receiver states that the attorneys have endeavored to avoid undue legal fees.

The Court has examined Exhibit 1 and finds that it reflects that the services performed by the attorneys on behalf of the Receiver were necessary and appropriate to assist the Receiver in the performance of his duties. The Court further finds that the amount of time devoted to the specific legal work performed is reasonable.

The hourly rates of each of the attorneys performing legal services are reflected on Exhibit 1, and the Court has examined those rates to determine their reasonableness and consistency with the prevailing rates in the community and the Court's own knowledge of those rates, as required by the Tenth Circuit. *See Malloy v. Monahan*, 73 F. 3d 1012, 1018 (10th Cir. 1996); *Mertz v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 39 F. 3d 1482, 1493 (10th Cir. 1994). Based on the Court's familiarity with prevailing hourly rates in the community, the Court finds those hourly rates to be reasonable and consistent with the rates charged for comparable legal work in the Oklahoma City area.

Accordingly, having examined the Motion and the documentation attached thereto as Exhibit 1, the Court finds that the Motion [Doc. No. 67] should be, and is, GRANTED. The Receiver is authorized to pay to Fellers Snider the sum of $26,166.00 as compensation for attorney fees expended, and the sum of $547.44 as reimbursement for expenses incurred, or a total amount of $26,713.44.

IT IS SO ORDERED this  19th  day of  August, 2009.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE