# IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA

**Commodity Futures Trading Commission,**

    Plaintiff,

vs.

**Mark S. Trimble, and**

**Phidippides Capital Management LLC,**

    Defendants, and

**Phidippides Capital LP,**

    Relief Defendant.

NO. CIV- 09-154-D

## CONSENT ORDER OF PERMANENT INJUNCTION AND OTHER EQUITABLE RELIEF AGAINST DEFENDANTS MARK S. TRIMBLE AND PHIDIPPIDES CAPITAL MANAGEMENT LLC

### INTRODUCTION

On February 9, 2009, plaintiff Commodity Futures Trading Commission ("Commission" or "CFTC") filed the complaint in this action against defendants Mark S. Trimble and Phidippides Capital Management LLC (collectively, "Defendants") and relief defendant Phidippides Capital LP seeking injunctive and other equitable relief for violations of the Commodity Exchange Act, as amended ("Act"), 7 U.S.C. §§ 1 et seq. (2006), and the Commission's Regulations ("Regulations") promulgated thereunder, 17 C.F.R. §§ 1 et seq. (2009). The Court entered an Agreed Order of

Preliminary Injunction and Other Ancillary Relief against Defendants on March 6, 2009.

## CONSENTS AND AGREEMENTS

To effect settlement of the matters alleged in the Complaint against Defendants without a trial on the merits or any further judicial proceedings, Defendants:

1. Consent to the entry of this Consent Order of Permanent Injunction and Other Equitable Relief ("Consent Order");

2. Affirm that Defendants have agreed to this Consent Order voluntarily, and that no threat or promise has been made by the Commission or any member, officer, agent or representative thereof, or by any other person, to induce consent to this Consent Order, other than as specifically contained herein;

3. Acknowledge service of the summons and Complaint;

4. Admit the jurisdiction of this Court over them and the subject matter of this action pursuant to Section 6c of the Act, 7 U.S.C. § 13a-1;

5. Admit that venue properly lies with this Court pursuant to Section 6c of the Act, 7 U.S.C. § 13a-1;

6. Waive:

   a) any and all claims that they may possess under the Equal Access to Justice Act, 5 U.S.C. § 504 (2006) and 28 U.S.C. § 2412 (2006), and/or Part 148 of the Regulations, 17 C.F.R. §§ 148.1 *et seq.* (2010), relating to, or arising from, this action;

b) any and all claims that they may possess under the Small Business Regulatory Enforcement Fairness Act, 1996 HR 3136, Pub. L. No. 104-121, §§ 201-253, 110 Stat. 847 (1996), as amended by 2007 HR 2206, Pub. L. No. 110-28, § 8302, 121 Stat. 112 (2007), relating to or arising from this action;

c) any claim of Double Jeopardy based upon the institution of this proceeding or the entry in this proceeding of any order imposing a civil monetary penalty or any other relief; and

d) all rights of appeal from this Consent Order;

7. Consent to the continued jurisdiction of this Court for the purposes of: resolving the issues of disgorgement, restitution and civil monetary penalties; enforcing the terms and conditions of this Consent Order; and any other purposes relevant to this action, even if Defendants now or in the future reside outside the jurisdiction;

8. Agree that neither the Defendants nor any of their agents or employees under their respective authority or control shall take any action or make any public statement denying, directly or indirectly, any allegation in the Complaint or findings or conclusions in this Consent Order, or creating, or tending to create, the impression that the Complaint or this Consent Order is without a factual basis; provided, however, that nothing in this provision shall affect Defendants': i) testimonial obligations; or ii) rights to take legal positions in other proceedings to which the Commission is not

a party. Defendants shall take all steps necessary to ensure that all of their agents and employees understand and comply with this agreement; and

   9. In consenting to the entry of this Consent Order, Defendants neither admit nor deny the allegations of the Complaint or the Findings of Fact and Conclusions of Law contained in this Consent Order, except as to jurisdiction and venue, which they admit. Defendants do not consent to the use of this Consent Order, or the Findings of Fact or Conclusions of Law of this Consent Order, as the sole basis for any other proceeding brought by the CFTC, other than a proceeding in bankruptcy relating to Defendants, a Commission registration proceeding relating to Defendants, or to enforce the terms of this Consent Order. Solely with respect to any bankruptcy proceeding relating to Defendants, a Commission registration proceeding related to Defendants and any proceeding to enforce this Consent Order, Defendants agree that the allegations of the Complaint and all of the Findings of Fact and Conclusions of Law in this Consent Order shall be taken as true and correct and be given preclusive effect, without further proof. Furthermore, Defendants agree to provide immediate notice to this Court and the CFTC by certified mail, in the manner required by Paragraph 38 of this Consent Order, of any bankruptcy proceeding filed by, on behalf of, or against either of them. No provision of this Consent Order shall in any way

limit or impair the ability of any other person or entity to seek any legal or equitable remedy against Defendants in any other proceeding.

## FINDINGS OF FACT

### A. Jurisdiction and Venue

10. This Court has jurisdiction over this action pursuant to Section 6c of the Act, 7 U.S.C. § 13a-1, which authorizes the CFTC to seek injunctive relief against any person who has engaged, is engaging, or is about to engage in any act or practice constituting a violation of any provision of the Act or any rule, regulation or order promulgated thereunder.

11. Venue properly lies with this Court pursuant to Section 6c(e) of the Act, 7 U.S.C. § 13a-1(e), because Trimble was a resident of this district and the Defendants transacted business, among other places, in this district, and the acts and practices in violation of the Act have occurred, among other places, within this district.

### B. Parties to this Consent Order

12. Plaintiff, **Commodity Futures Trading Commission**, is an independent federal regulatory agency that is charged by Congress with responsibility for administering and enforcing the provisions of the Act, 7 U.S.C. §§ 1 et seq. (2006), as amended by the Food, Conservation, and Energy Act of 2008, Pub. L. No. 110-246,

Title XIII (the CFTC Reauthorization Act of 2008 ("CRA"), §§ 13101-13204, 122 Stat. 1651 (enacted June 18, 2008), and the Dodd-Frank Wall Street Reform and Consumer Protection Act of 2010, Pub. L. No. 111-203, Title VII (the Wall Street Transparency and Accountability Act of 2010), §§701-774, 124 Stat. 1376 (enacted July 21, 2010), to be codified at 7 U.S.C. §§ 1 *et seq.*, and the Regulations promulgated thereunder, 17 C.F.R. §§ 1 et seq. (2010). The CFTC is authorized by Section 6c of the Act, 7 U.S.C. § 13a-1, to bring a civil action to enjoin any act or practice constituting a violation of the Act, to enforce compliance with the Act, and to seek civil penalties.

13. **Mark S. Trimble** resided in Edmond, Oklahoma. He is the managing member of Phidippides Capital Management LLC ("PCM"). Trimble controlled PCM and made all of the trading decisions in the PCM and Phidippides Capital LP accounts. He was also a member of the Chicago Mercantile Exchange ("CME"), a designated contract market for the trading of commodity futures contracts.

14. **Phidippides Capital Management LLC** is an Oklahoma limited liability company with offices at 1225 N. Broadway, Oklahoma City, Oklahoma. PCM is not registered with the Commission in any capacity. It holds itself out as an exempt

commodity pool operator ("CPO") claiming that it is exempt from registration under Regulation 4.13(a)(4), 17 C.F.R. § 4.13(a)(4) (2008).

15. **Phidippides Capital LP** ("PC LP") is a Delaware limited partnership with offices located at 1225 N. Broadway, Oklahoma City, Oklahoma. PCM is PC LP's general partner. PC LP had an account in which it traded commodity futures contracts at MF Global, Inc. ("MF Global"), a registered futures commission merchant.

## CONCLUSIONS OF LAW

16. Prior to being amended by the CRA, Sections 4b(a)(2)(i)-(iii) of the Act, 7 U.S.C. §§ 6b(a)(2)(i)-(iii) (2006), made it unlawful

> for any person, in or in connection with any order to make, or the making of, any contract of sale of any commodity for future delivery, made, or to be made, for or on behalf of any other person if such contract for future delivery is or may be used for (A) hedging any transaction in interstate commerce in such commodity or the products or byproducts thereof, or (B) determining the price basis of any transaction in interstate commerce in such commodity, or (C) delivering any such commodity sold, shipped, or received in interstate commerce for the fulfillment thereof—(i) to cheat or defraud or attempt to cheat or defraud such other person; (ii) willfully to make or cause to be made to such other person any false report or statement thereof, . . .[or]; (iii) willfully to deceive or attempt to deceive such other person by any means whatsoever in regard to any such order or contract or disposition or execution of any such order or contract, or in regard to any act of agency performed with respect to such order or contract for such person.

17. Sections 4b(a)(1)(A)-(C) of the Act as amended by the CRA, to be codified at 7 U.S.C. §§ 6b(a)(1)(A)-(C), make it unlawful

> for any person, in or in connection with any order to make, or the making of, any contract of sale of any commodity in interstate commerce or for future delivery that is made, or to be made, on or subject to the rules of a designated contract market, for or on behalf of any other person – (A) to cheat or defraud or attempt to cheat or defraud the other person; (B) willfully to make or cause to be made to the other person any false report or statement, . . . [or] (C) willfully to deceive or attempt to deceive the other person by any means whatsoever in regard to any order or contract or the disposition or execution of any order or contract, or in regard to any act of agency performed, with respect to any order or contract for … the other person.

18. By making or causing to be made false reports and false statements to pool participants, by failing to disclose that the performance results were false and by misappropriating participant funds, Trimble and PCM violated Sections 4b(a)(2)(i), (ii), and (iii) of the Act, 7 U.S.C. §§ 6b(a)(2)(i), (ii), and (iii) (2006), for conduct before June 18, 2008, and Sections 4b(a)(1)(A), (B) and (C) of the Act, as amended by the CRA, to be codified at 7 U.S.C. §§ 6b(a)(1)(A), (B) and (C), for conduct on or after June 18, 2008.

19. Section 4*o*(1) of the Act, in relevant part, makes it unlawful for a CPO or an associated person ("AP") of a CPO, by using the mails or any means or instrumentality of interstate commerce, directly or indirectly (A) to employ a device, scheme or artifice to defraud pool participants, or (B) to engage in a transaction or

course of business that operated as a fraud or deceit upon pool participants. 7 U.S.C. § 6o(1) (2006). This section of the Act applies to all CPOs and their APs whether registered, required to be registered, or exempt from registration.

20. By making or causing to be made false reports and false statements to pool participants, by failing to disclose that the performance results were false and by misappropriating participant funds through the use of the mails and any other instrumentalities of interstate commerce, PCM and Trimble violated Sections 4*o*(1)(A) and (B) of the Act, 7 U.S.C. § 6*o*(1)(A) and (B) (2006).

21. By depositing pool participant funds into the proprietary trading account of PCM and/or the personal account of Trimble, PCM violated Regulation 4.20(c), 17 C.F.R. § 4.20(c).

22. The actions and omissions of Trimble as charged in the complaint were done within the scope of his employment or office with PCM. Therefore, pursuant to Section 2(a)(l)(B) of the Act, 7 U.S.C. § 2(a)(1)(B), and Regulation 1.2, 17 C.F.R. § 1.2 (2010), PCM also is liable for Trimble's acts and omissions constituting violations of Sections 4b(a)(2)(i), (ii), and (iii) of the Act, 7 U.S.C. §§ 6b(a)(2)(i), (ii), and (iii) (2006), for conduct before June 18, 2008, Sections 4b(a)(1)(A), (B) and (C) of the Act, as amended by the CRA, to be codified at 7 U.S.C. §§ 6b(a)(1)(A), (B) and

(C), for conduct on or after June 18, 2008, and Sections 4o(1)(A) and 4o(1)(B) of the Act, 7 U.S.C. §§ 6o(1)(A) and 6o(1)(B).

23. Trimble, directly or indirectly, controlled PCM and did not act in good faith or knowingly induced, directly or indirectly, the acts constituting PCM's violations of Sections 4b(a)(2)(i), (ii), and (iii) of the Act, 7 U.S.C. §§ 6b(a)(2)(i), (ii), and (iii) (2006), for conduct before June 18, 2008, Sections 4b(a)(1)(A), (B) and (C) of the Act, as amended by the CRA, to be codified at 7 U.S.C. §§ 6b(a)(1)(A), (B) and (C), for conduct on or after June 18, 2008, and Sections 4o(1)(A) and 4o(1)(B) of the Act, 7 U.S.C. §§ 6o(1)(A) and 6o(1)(B) and Regulation 4.20(c), 17 C.F.R. § 4.20(c) therefore pursuant to Section 13(b) of the Act, 7 USC §13c(b), Trimble is liable for PCM's violations.

## PERMANENT INJUNCTION
**IT IS HEREBY ORDERED THAT:**

24. Defendants PCM and Trimble are prohibited and permanently enjoined from directly or indirectly:

   a) cheating or defrauding, or attempting to cheat, or defraud other persons in or in connection with an offer to enter into, the entry into, the confirmation of the execution of, or the maintenance of, any commodity futures transaction, in violation of Section 4b(a)(1)(A) of the Act, to be codified as 7 U.S.C. § 6b(a)(1)(A);

   b) making or causing to be made to any other person any false report or statement thereof or causing to be entered for any person any false record

thereof, in violation of Section 4b(a)(1)(B) of the Act, to be codified as 7 U.S.C. § 6b(a)(1)(B);

c) willfully deceiving or attempting to deceive by any means whatsoever other persons in regard to any order or contract, or in regard to any act of agency performed with respect to any order or contract, in violation of Section 4b(a)(1)(C) of the Act, to be codified as 7 U.S.C. § 6b(a)(1)(C);

d) employing any device, scheme or artifice to defraud any client or participant or prospective client or participant or engaging in any transaction, practice, or course of business which operates as a fraud or deceit upon any participant or prospective participant by use of the mails or any means or instrumentality of interstate commerce, in violation of Sections 4*o*(1)(A) and (B) of the Act, 7 U.S.C. §§ 6*o*(1)(A) and (B); and

e) commingling the property of any pool that they operate or that they intend to operate with the property of any other person in violation of Regulation 4.20(c), 17 C.F.R. § 4.20(c).

25. Defendants Trimble and PCM are permanently restrained, enjoined and prohibited from directly or indirectly engaging, directly or indirectly in:

a) trading on or subject to the rules of any registered entity (as that term is defined in Section 1a(29) of the Act, 7 U.S.C. § 1a(29) (2006));

b) entering into any transactions involving commodity futures, options on commodity futures, commodity options (as that term is defined in Regulation 32.1(b)(1), 17 C.F.R. § 32.1(b)(1) (2010)) ("commodity options"), and/or foreign currency (as described in Sections 2(c)(2)(B) and 2(c)(2)(C)(i) of the Act as amended by the CRA, to be codified at 7 U.S.C. §§ 2(c)(2)(B) and 2(c)(2)(C)(i)) for their own personal account or for any account in which they have a direct or indirect interest;

c) having any commodity futures, options on commodity futures, commodity options, and/or forex contracts traded on their behalf;

d) controlling or directing the trading for or on behalf of any other

person or entity, whether by power of attorney or otherwise, in any account involving commodity futures, options on commodity futures, commodity options, and/or forex contracts;

e) soliciting, receiving, or accepting any funds from any person for the purpose of purchasing or selling any commodity futures, options on commodity futures, commodity options, and/or forex contracts;

f) applying for registration or claiming exemption from registration with the Commission in any capacity, and engaging in any activity requiring such registration or exemption from registration with the Commission, except as provided for in Regulation 4.14(a)(9), 17 C.F.R. § 4.14(a)(9) (2010);

g) acting as a principal (as that term is defined in Regulation 3.1(a), 17 C.F.R. § 3.1(a) (2010)), agent or any other officer or employee of any person registered, exempted from registration or required to be registered with the Commission, except as provided for in Regulation 4.14(a)(9), 17 C.F.R. § 4.14(a)(9) (2010).

26. The injunctive provisions of this Consent Order shall be binding upon Defendants, upon any person who acts in the capacity of officer, agent, employee, attorney, successor and/or assign of either of the Defendants and upon any person who receives actual notice of this Consent Order, by personal service or otherwise, insofar as he or she is acting in active concert or participation with either of the Defendants.

# RESTITUTION, CIVIL MONETARY PENALTIES AND OTHER ANCILLARY RELIEF

**IT IS FURTHER ORDERED THAT:**

### A. Restitution

27. Upon entry of this Order, Defendants, PCM and Trimble, are jointly and severally liable for, and a judgment is entered against them, in the amount of nine million ~~and~~ forty-five thousand ~~and~~ four hundred and fifty-one dollars ($9,045,451) as restitution to Phidippides Capital LP pool participants ("Restitution Amount"). Post-judgment interest after the date of this Order until the restitution is paid in full shall be paid at the post-judgment interest rate set forth in 28 U.S.C. § 1961.

28. Trimble and PCM shall receive a dollar-for-dollar credit against their restitution obligation to the extent that funds are collected and/or distributed pursuant to the criminal restitution ordered in *U.S. vs. Mark Trimble*, No. CR 10-92-D (W.D. Okla. entered Dec. 30, 2010). Accordingly, should any distributions be made in the parallel criminal proceeding to the PCM pool participants pursuant to the order of the U.S. District Court, Trimble's and PCM's restitution obligation will be decreased by the amount of the distribution.

29. All restitution payments made pursuant to this Order shall first be paid to the Clerk of the United States District Court for the Western District of Oklahoma for further distribution to claimants whose claims were allowed in the claims process.

Restitution shall be made on a *pro rata* basis according to the Final Order of Distribution to claimants with allowed claims until those amounts (including interest) are fully satisfied. All payments after satisfaction of the restitution shall be applied to the civil monetary penalty described below.

30. All restitution payments shall be made under cover letter identifying the Defendants by name as a defendant in this action and the name and docket number of the proceeding. Defendants shall simultaneously transmit copies of the cover letter and form of payment to Director, Division of Enforcement, Commodity Futures Trading Commission, Three Lafayette Centre, 1155 21st Street, N.W., Washington, D.C. 20581, and the Chief, Office of Cooperative Enforcement, at the same address. The Clerk of the U.S. District Court for the Western District of Oklahoma shall make periodic distribution of funds to claimants as appropriate, or may defer distribution until such time as it deems appropriate.

    **B.**    **Civil Monetary Penalty and Priority of Payments**

31. Upon entry of this Order, Defendants PCM and Trimble are jointly and severally liable for a civil monetary penalty ("CMP") in the amount of seven million two hundred and eighty thousand dollars ($7,280,000).

32. The CMP is due and owing immediately upon entry of this Order. Post-judgment interest shall accrue beginning on the date of entry of this Order and shall be determined by using the Treasury Bill rate prevailing on the date of entry of this Order pursuant to 28 U.S.C. § 1961.

33. Defendants shall pay their civil monetary penalty by electronic funds transfer, U.S. postal money order, certified check, bank cashier's check, or bank money order. If payment is to be made other than by electronic funds transfer, the payment shall be made payable to the Commodity Futures Trading Commission and sent to the address below:

> Commodity Futures Trading Commission
> Division of Enforcement
> Attn: Marie Bateman – AMZ – 300
> DOT/FAA/MMAC
> 6500 S. MacArthur Blvd.
> Oklahoma City, Oklahoma 73169
> Telephone: 405-954-6569

If payment is to be made by electronic funds transfer, Defendants shall contact Marie Bateman or her successor at the above address to receive payment instructions and shall fully comply with those instructions. Defendants shall accompany payment of the penalty with a cover letter that identifies them and the name and the docket number of the proceedings. Defendants shall simultaneously transmit copies of the cover letter and form of payment to the Director, Division of Enforcement, Commodity Futures Trading Commission, Three Lafayette Centre, 1155 21st Street, N.W., Washington, D.C. 20581, and the Chief, Office of Cooperative Enforcement, at the same address.

34. All payments by Trimble pursuant to this Order shall first be applied to satisfaction of the restitution obligation. After satisfaction of the restitution obligation in full, payments by Trimble or PCM pursuant to this Order shall be applied to satisfy Trimble's and PCM's CMP obligation.

**IT IS FURTHER ORDERED THAT:**

    **C.**    **COOPERATION**

35. In order to facilitate the collection of amounts for restitution, disgorgement and civil monetary penalties, Defendants are hereby ordered to cooperate fully with the Commission in its investigation of: a) the amount of funds and proceeds received by Defendants and losses to Defendants' pool participants; and b) the identification of Defendants' assets. The Defendants' cooperation obligations shall include, but not be limited to, the following:

    a)    fully and truthfully completing financial questionnaire forms and providing any available documentary verification required by the forms;

    b)    submitting to a financial deposition or interview should the plaintiff deem it necessary regarding the subject matter of said form;

    c)    fully and truthfully answering all questions regarding his past and present financial condition in such interview or deposition; and

    d)    providing any additional documentation within his possession or control requested by the plaintiff regarding his financial condition or status, including, but not limited to, income and earnings, assets, financial statements, asset transfers, and tax returns.

### D. Miscellaneous

36. All notices required to be given by any provision in this Consent Order to the Commission shall be sent certified mail, return receipt requested, as follows:

*Notice to Plaintiff Commission:*
Director of the Division of Enforcement
Commodity Futures Trading Commission
1155 21st Street NW
Washington, DC 20581

*Notice to Defendants*:
Mark S. Trimble, Register # 17583-064
FCI MEMPHIS
P.O. BOX 34550
MEMPHIS, TN  38134

37. This Consent Order incorporates all of the terms and conditions of the settlement among the parties hereto. Nothing shall serve to amend or modify this Consent Order in any respect whatsoever, unless: (1) reduced to writing; (2) signed by all parties hereto; and (3) approved by order of this Court.

38. If any provision of this Consent Order, or if the application of any provisions or circumstances is held invalid, the remainder of the Consent Order and the application of the provisions to any other person or circumstance shall not be affected by the holding.

39. The failure of any party hereto at any time or times to require performance of any provision hereof shall in no manner affect the right of such party

at a later time to enforce the same or any other provision of this Consent Order. No waiver in one or more instances of the breach of any provision contained in this Consent Order shall be deemed to be or construed as a further or continuing waiver of such breach or waiver of the breach of any other provision of this Consent Order.

40. This Court shall retain jurisdiction of this action in order to resolve reserved issues of disgorgement, restitution and civil monetary penalties, to implement and carry out the terms of this Consent Order and any suitable application or motion for additional relief within the jurisdiction of the Court, and to assure compliance with this Consent Order.

41. Trimble and PCM represent that they have read this Consent Order and have had the assistance of counsel in reviewing this Consent Order. PCM hereby represents and warrants that this Consent Order has been duly authorized and is signed and submitted on its behalf by a duly authorized and empowered officer.

**IT IS SO ORDERED** on this 4th day of April, 2011.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE

**APPROVED FOR ENTRY BY**

Attorneys for Plaintiff

_____ Dated: _____
Rosemary Hollinger, Regional Counsel
Scott R. Williamson, Deputy Regional Counsel
Division of Enforcement
COMMODITY FUTURES TRADING COMMISSION
525 W. Monroe Street, Suite 1100
Chicago, IL 60661
(312) 596-0520 (Hollinger)
(312) 596-0560 (Williamson)
Email: rhollinger@cftc.gov
Email: swilliamson@cftc.gov

**CONSENTED TO AND APPROVED BY:**

_____ Dated: _____
Mark S. Trimble, individually and on
behalf of Phidippides Capital Management LLC,
and Phidippides Capital LP

**CONSENTED TO AND APPROVED AS TO FORM:**

_____ Dated: _____
Mack K. Martin, Esq.
Martin Law Office
125 Park Avenue, 5th Floor
Oklahoma City, OK 73102
(405) 236-8888
Email: Mack@Martinlawoffice.net